PHILLIP A. TALBERT
Acting United States Attorney
CHRISTINA McCALL
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

**FILED**

Dec 03, 2021

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> OLUWAFEMI AGBAYEWA, <br><br> Defendant. | CASE NO. 2:21-cr-0234 TLN <br><br> VIOLATIONS: <br><br> 18 U.S.C. § 1956(H) – Conspiracy to Commit Money Laundering; 18 U.S.C. § 982(A)(1) – Criminal Forfeiture |

I N F O R M A T I O N

COUNT ONE: [18 U.S.C. § 1956(h) – Conspiracy to Commit Money Laundering]

The United States Attorney charges:

OLUWAFEMI AGBAYEWA,

defendant herein, as follows:

**I.     INTRODUCTION**

At all times relevant to this Information:

1.     OLUWAFEMI AGBAYEWA was an individual primarily residing in Canada, who traveled to Colombia, Panama and Nigeria.

2.     Coconspirator Alexander Franco Gutierrez, charged elsewhere, was an individual residing in Canada and Colombia.

///

3. Coconspirator Adedayo Agbayewa, charged elsewhere, was an individual living in the state of New York and the state of Georgia.

## II. THE CONSPIRACY

4. Beginning at a date unknown but no later than in or about August 2012, and continuing to at least in or about January 2018, in the State and Eastern District of California, and elsewhere, OLUWAFEMI AGBAYEWA ("AGBAYEWA"), defendant herein, did knowingly and intentionally agree, combine, and conspire with Alexander Franco Gutierrez and Adedayo Agbayewa, and other persons both known and unknown, to knowingly commit offenses against the United States in violation of Title 18, United States Code, Section 1956, to wit: to transport, transmit, and transfer, and attempt to transport, transmit, and transfer a monetary instrument and funds involving the proceeds of specified unlawful activity, that is, mail and wire fraud, and mail and wire fraud, in violation of Title 18, United States Code, Sections 1341, and 1343, from a place in the United States to or through a place outside the United States, knowing that the funds involved in the transportation, transmission, and transfer represented the proceeds of some form of unlawful activity and knowing that such transportation, transmission, and transfer was designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(2)(B)(i).

## III. MANNER AND MEANS

In furtherance of the conspiracy, AGBAYEWA and other coconspirators employed the following ways and means, among others:

5. AGBAYEWA, Alexander Franco Gutierrez and Adedayo Agbayewa obtained the telephone numbers of elderly individuals residing in the Eastern District of California and elsewhere.

6. AGBAYEWA, Alexander Franco Gutierrez and Adedayo Agbayewa called the elderly victims and informed them that they had won millions of dollars as a prize in a sweepstakes or lottery. AGBAYEWA, Alexander Franco Gutierrez and Adedayo Agbayewa further informed the elderly victims that they had to pre-pay taxes or insurance on the prize money in order to receive the money. AGBAYEWA, Alexander Franco Gutierrez and Adedayo Agbayewa directed the elderly victims to send their payments through the mail to addresses controlled by the coconspirators. Finally, AGBAYEWA,

Alexander Franco Gutierrez and Adedayo Agbayewa promised the elderly victims that they would be visiting the elderly victims in person to present the prize money after the pre-payments were received.

7. In fact, these statements to the elderly victims were not true. First, the elderly victims had not won any sweepstakes or lottery prize money. Second, the money that the elderly victims mailed or deposited as instructed was not used to pre-pay taxes or insurance. Third AGBAYEWA, Alexander Franco Gutierrez and Adedayo Agbayewa did not visit the elderly victims in person to present any prize money after the pre-payments had been mailed or deposited.

8. AGBAYEWA, Alexander Franco Gutierrez and Adedayo Agbayewa also took steps to avoid detection so that the conspiracy could continue. AGBAYEWA, Alexander Franco Gutierrez and Adedayo Agbayewa sometimes instructed the elderly victims not to tell anyone about the prize winnings. Other times, AGBAYEWA, Alexander Franco Gutierrez and Adedayo Agbayewa told the elderly victims to make specific false statements to bank tellers or family members who might ask about the purpose behind mailing or depositing the pre-payment checks that AGBAYEWA, Alexander Franco Gutierrez and Adedayo Agbayewa instructed the victims to send. Moreover, AGBAYEWA, Alexander Franco Gutierrez and Adedayo Agbayewa used the following false names, among others, in communicating with elderly victims: "Richard Walton," "William Nichols," "Stan Peterson," and "David Walsh." AGBAYEWA, Alexander Franco Gutierrez and Adedayo Agbayewa presented the elderly victims with falsified identification information such as fabricated driver's license images in order to induce the victims to send more money and to trust that the coconspirators were who they said they were on the phone. Finally, AGBAYEWA, Alexander Franco Gutierrez and Adedayo Agbayewa changed phones and email accounts frequently, attempted to block their own caller identification when calling victims, and set up their email accounts in others' names.

9. It was further part of the conspiracy to conduct and attempt to conduct financial transactions involving the victims' money in order to conceal the nature and source of that money before it reached accounts held in the names of AGBAYEWA, Alexander Franco Gutierrez and Adedayo Agbayewa, among others. First, coconspirators working with AGBAYEWA, Alexander Franco Gutierrez and Adedayo Agbayewa opened and maintained mailboxes using false and misappropriated identity information. AGBAYEWA, Alexander Franco Gutierrez and Adedayo Agbayewa then directed

victims in the Eastern District of California and elsewhere to mail their pre-payment checks to these mailboxes and other addresses associated with the scheme. Next, coconspirators working with AGBAYEWA, Alexander Franco Gutierrez and Adedayo Agbayewa opened and maintained domestic and international bank accounts using false and misappropriated identity information. The coconspirators, including AGBAYEWA, Alexander Franco Gutierrez and Adedayo Agbayewa, then caused the victims' checks to be deposited into these bank accounts. From these accounts, the fraudulently-obtained victim money was transferred to other bank accounts opened under false or misappropriated names and controlled by AGBAYEWA, Alexander Franco Gutierrez and Adedayo Agbayewa, and their coconspirators. These secondary bank accounts were often located outside the United States. Eventually, AGBAYEWA, Alexander Franco Gutierrez and Adedayo Agbayewa, and their coconspirators caused the transfer of victim money from these secondary accounts back to accounts controlled directly by AGBAYEWA, Alexander Franco Gutierrez and Adedayo Agbayewa in order to spend the money obtained through the scheme. These multiple transfers involving shell and nominee bank accounts, often located abroad, were designed to conceal the nature of the deposits into accounts held by AGBAYEWA, Alexander Franco Gutierrez and Adedayo Agbayewa.

10. AGBAYEWA, Alexander Franco Gutierrez, Adedayo Agbayewa, and their coconspirators took additional steps using victim money to lull victims into believing that the lottery or sweepstakes was legitimate and to disguise and conceal the nature of the fraud proceeds. Specifically, AGBAYEWA, Alexander Franco Gutierrez and Adedayo Agbayewa, and their coconspirators would occasionally route one victim's check to a second victim, under the false pretenses that the check was from an "investor" who was advancing the second victim money to help him or her pay their "taxes" or "insurance" fees. In fact, these checks were not from "investors," but from other victims. The second victim was then directed by AGBAYEWA, Alexander Franco Gutierrez, Adedayo Agbayewa, and their coconspirators to send the "investor" money as part of their pre-payment to mailboxes controlled by the coconspirators. These additional steps created the false impression that the lottery or sweepstakes had legitimate investors, when it in fact did not, and helped conceal the nature of the proceeds sent to the coconspirators' mailboxes, as the original victim's fraudulently obtained proceeds had been routed through an innocent victim.

INFORMATION 4

All in violation of Title 18, United States Code, Section 1956(h).

FORFEITURE ALLEGATION: [18 U.S.C. § 982(a)(1) – Criminal Forfeiture]

1. Upon conviction of the offense alleged in this Information, defendant OLUWAFEMI AGBAYEWA shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(1), all property, real or personal, involved in such violation, and any property traceable to such property, including but not limited to: A sum of money equal to the amount of money involved in the offense, for which defendant is convicted.

2. If any property subject to forfeiture as a result of the offense alleged in this Indictment, for which the defendant is convicted:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 18 U.S.C. § 982(b)(1), incorporating 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendant, up to the value of the property subject to forfeiture.

Dated:  December 3, 2021

PHILLIP A. TALBERT
Acting United States Attorney

By: /s/ Christina McCall
CHRISTINA McCALL
Assistant United States Attorney

**United States v. OLUWAFEMI AGBAYEWA**
**Penalties for Information**

**COUNT 1:**     **OLUWAFEMI AGBAYEWA**                         2:21-cr-0234 TLN

VIOLATION:     18 U.S.C. § 1956(h) – Conspiracy to Commit Money Laundering

PENALTIES:     Not more than 20 years imprisonment; or
Fine of up to $500,000, or twice the value of the monetary instrument or funds involved, whichever is greater; or
Both imprisonment and a fine; and
3 years of supervised release

SPECIAL ASSESSMENT: $100

FORFEITURE ALLEGATION: 18 U.S.C. § 982(a)(1)